IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN RE: | : | Case No. 16-11273 |
| | : | |
| HEARTLAND DAIRY HOLDINGS, LLC, | : | Chapter 11 |
| | : | |
| Debtor. | : | Judge |
| | : | |
| | : | |

**MOTION OF SECURED CREDITOR FIRST FARMERS BANK & TRUST CO. TO TRANSFER THIS CASE TO THE NORTHERN DISTRICT OF OHIO OR, ALTERNATIVELY, TO DISMISS AS FILED IN THE IMPROPER DISTRICT**

**COMES NOW** secured creditor First Farmers Bank & Trust Co. ("FFB"), by counsel, Rothberg Logan & Warsco LLP, and seeks, pursuant to 28 U.S.C. § 1408(1), 11 U.S.C. § 105, and FRBP 1014, an order transferring this case to the Northern District of Ohio or, in the alternative, dismissing this case as it was filed in the improper district and proper venue lies in the Northern District of Ohio. In support of its Motion, FFB states as follows:

1. In 2014, Homan, Inc. filed a foreclosure action against *inter alia* Heartland Dairy Holdings, LLC. (the "Debtor") in the Common Pleas Court of Mercer County, Ohio captioned *Homan, Inc. v. Heartland Dairy Holdings, LLC, et al.*, Case No. 14 CIV 048, which sought to foreclose upon the real estate scheduled by the Debtor and located at 3101 Tama Road, Rockford Ohio ("the Farm") for debt owed on a mechanic's lien (the "Foreclosure Action").

2. FFB is a Defendant in the Foreclosure Action being the first mortgage holder on the Farm and a secured creditor.

3. On January 5, 2016, the Court in the Foreclosure Action granted FFB's Motion to appoint Brett Salyers as receiver for the dairy operations in Mercer County, specifically

including the Farm and all livestock, equipment, and improvements thereon (collectively, the "Receivership Property").

4. On May 19, 2016, the Court in the Foreclosure Action granted the Receiver's Motion authorizing the sale of the Receivership Property. As of June 15, 2016, that sale is set to take place on Wednesday, June 29, 2016 at 1:00 PM in Celina, Ohio. The Debtor filed this Chapter 11 petition in bankruptcy on June 17, 2016 in the Northern District of Indiana.

5. A debtor may file its petition for bankruptcy protection in the district court where its domicile, residence, principal place of business, or principal assets have been located for the one hundred and eighty days immediately preceding such commencement or in which there is pending a case under title 11 concerning its affiliate, general partner, or partnership[1].

6. This Case should be transferred to the Northern District of Ohio, Toledo Division, or alternatively, dismissed because it is improperly venued in the Northern District of Indiana.

7. The Debtor's real property, principal place of business, and principal assets all exist in Mercer County, in the Northern District of Ohio rather than the Northern District of Indiana. (See Figure 1)

---

[1] 28 U.S.C. § 1408.



Figure 1: Picture of Counties Served by Northern District of Ohio Bankruptcy Court at Toledo. https://www.ohnb.uscourts.gov/content/county-distribution-map accessed 6/20/2013 at 7:55 A.M., circle added for emphasis.

8.      Here, the Debtor's Petition provides that it is filing in the Northern District of Indiana because: "A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district." The identified affiliate[2] is Lee R. Vergara of Fort Wayne Indiana who purportedly owns 20% of the Debtors' securities.

9.      Upon information and belief, Lee R. Vergara is one in the same Lee R. Vergara who is a debtor in a Chapter 11 bankruptcy proceeding, Case No. 14-12339, pending in the Fort Wayne Division of the United States Bankruptcy Court for the Northern District of Indiana.

---

[2] As the Debtor is an LLC and accordingly has no partners or general partners, affiliate is the only possible basis the Debtor could contend this matter is properly venued in the Northern District of Indiana.

3

10. In Mr. Vergara's Chapter 11, his schedules disclose no ownership interest in Heartland Dairy Holdings, LLC.

11. Pursuant to the Disclosure Statement filed by Mr. Vergara in his bankruptcy case, docket entry 54, Mr. Vergara is employed at General Motors in Fort Wayne and his wife, Martha Vergara, is a registered nurse employed at Select Specialty Hospital at St. Joseph Hospital in Fort Wayne. At no place in the Disclosure Statement is there any discussion of Mr. Vergara's ownership of or participation in a dairy farming operation.

12. Mr. Vergara's Disclosure Statement was approved by the Bankruptcy Court on January 8, 2016, as docket entry 102.

13. Mr. Vergara obtained an order confirming his plan of reorganization on March 17, 2016, as docket entry 120.

14. The pleadings filed by the Debtor herein failed to disclose the facts and circumstances pursuant to which Mr. Vergara obtained a purported twenty percent (20%) interest in the Debtor dairy farm or to allege that Mr. Vergara's interest is in fact a voting interest.

15. The Debtor's petition and schedules state that the Debtor's "Principal Place of Business" is in Mercer County, which is in the Northern District of Ohio.

16. The Debtor's mailing address is in Rockford, Mercer County, Ohio, and the Debtor is an Ohio corporation.

17. Debtor's petition, schedules, and statement of financial affairs all demonstrate that the Debtor's bankruptcy case is properly venued in the Northern District of Ohio.

18. As none of the alternative venue requirements have been met for proper venue in the Northern District of Indiana, this Court is not a proper venue for the Debtor's bankruptcy case.

4

19. When a debtor has filed for bankruptcy protection in an improper venue, the court must transfer the case to a proper venue or dismiss the case[3]. The bankruptcy court does not have discretion to retain jurisdiction over an improperly venued bankruptcy case[4].

20. The Northern District of Ohio at Toledo, satisfies all venue requirements.

21. The transfer to the Northern District of Ohio is in the best interest and convenience of the parties in accordance with 11 U.S.C. 1412 as (1) the transfer will promote the economic and efficient administration of the bankruptcy estate as all of the Debtor's property is located within the Northern District of Ohio; (2) the interests of judicial economy will be served as the pendency of the foreclosure of Debtor's property is within Mercer County, Ohio; (3) the parties will be able to receive a fair hearing in the Northern District of Ohio; and (4) the Northern District of Ohio has an interest in having the controversy decided within its borders.

22. Upon information and belief, any alleged transfer of an ownership interest in the Debtor to Mr. Vergara was of recent origin and movant respectfully asserts was executed with the intended purpose of creating venue before this Court. Such a transfer does not comply with the purposes of the bankruptcy venue statute.

23. To allow a Debtor's purposeful creation of a venue predicate to establish venue "would elevate form over substance in a way that would be an affront to the purpose of the bankruptcy venue statute and integrity of the bankruptcy system," and was not an activity which the statute intended[5].

---

[3] Bankr. R. 1014(2); *Thompson v. Greenwood*, 507 F.3d 416, 420-422 (6th Cir. 2007).
[4] *Thompson*, at 424.
[5] *In re Patriot Coal Corp.*, 482 B.R. 718, 744 (Bankr.S.D.N.Y.2012)

24. To ignore the circumstances surrounding the transfer to Mr. Vergara would condone the Debtor's strategy "in a manner that courts have found impermissible; it would run afoul of any reasonable application of the intent of the venue statute"[6].

25. As there is no other justification besides the self-serving alleged transfer to Mr. Vergara to establish venue before the Court, this case should be moved to the Northern District of Ohio or alternatively, dismissed[7].

**WHEREFORE**, for all of the foregoing reasons, the secured creditor First Farmers Bank & Trust Co. respectfully requests an order transferring this case to the Northern District of Ohio or, in the alternative, dismissing this case

    Respectfully submitted,

    **ROTHBERG, LOGAN & WARSCO, LLP**

    By: /s/ Mark A. Warsco
    Mark A. Warsco (#1626-02)
    505 East Washington Boulevard
    P.O. Box 11647
    Fort Wayne, Indiana 46859-1647
    Telephone: (260) 422-9454
    Facsimile: (260) 422-1622
    E-mail: mwarsco@rlwlawfirm.com

    *ATTORNEYS FOR SECURED CREDITOR*
    *FIRST FARMERS BANK & TRUST CO*

---

[6] *Id.*
[7] *See* In re Dunmore Homes, Inc., 380 B.R. 663, 670 (Bankr. S.D.N.Y. 2008).

**CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that the foregoing *Motion of Secured Creditor First Farmers Bank & Trust Co. to Transfer this Case to the Northern District of Ohio or, Alternatively, to Dismiss as Filed in the Improper District* has been filed WITH THE United States Bankruptcy Court for the Northern District of Indiana, Fort Wayne Division and served via the Court's electronic noticing service and/or United States mail to the following parties as set forth below on this the 22nd day of June, 2016:

| | |
|---|---|
| Daniel J. Skekloff<br>dskekloff@hallercolvin.com | Scott T. Skekloff<br>sskekloff@hallercolvin.com |
| Nancy J. Gargula<br>USTPRegion10.SO.ECF@usdoj.gov | Patricia J. Friesinger<br>Coolidge Wall Co., LPA<br>33 West First Street, Suite 200<br>Dayton, OH  45402-1289 |
| David P. Pierce<br>Coolidge Wall Co., LPA<br>33 West First Street, Suite 200<br>Dayton, OH  45402-1289 | |

               /s/   Mark A. Warsco
               Mark A. Warsco